Michael Kind, Esq.
Nevada Bar No.: 13903
KAZEROUNI LAW GROUP, APC
6069 South Fort Apache Road, Suite 100
Las Vegas, Nevada 89148
Phone: (800) 400-6808 x7
FAX: (800) 520-5523
mkind@kazlg.com
*Attorneys for Plaintiff Lauren V. Quarberg*
*Individually and on behalf of all others similarly situated*

# UNITED STATES DISTRICT COURT
## DISTRICT OF NEVADA

| | |
|---|---|
| Lauren V. Quarberg, *individually and on behalf of all others similarly situated*,<br><br>           Plaintiff,<br><br>v.<br><br>David M. McGrath and Angelina Tsu,<br><br>           Defendants. | Case No: 2:19-cv-00518<br><br>**Class Action**<br><br>**Complaint For Damages Under the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.*** <br><br>**Jury Trial Demanded** |

## Introduction

1. The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors,

to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

2. Lauren V. Quarberg ("Plaintiff"), through her attorneys, brings this action on her own behalf on behalf of those similarly situated, to challenge the actions of David M McGrath and Angelina Tsu ("Defendants"), with regard to debt collection attempts designed to unlawfully and abusively collect a debt allegedly owed by Plaintiff, causing Plaintiff and those similarly situated damages.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain directly to Plaintiff, which Plaintiff alleges on her personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

5. Any violations by Defendants were knowing, willful, and intentional, and Defendants did not maintain procedures reasonably adapted to avoid any such specific violation.

6. All violations alleged regarding the FDCPA are material violations of the FDCPA as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

**Jurisdiction and Venue**

7. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1331 (federal question jurisdiction).

8. This action arises out of Defendants' violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. ("FDCPA").

9. Because Defendants do business with Nevada State Bank, and purposefully directed their actions toward Nevada, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391 because Defendants purposefully directed their actions toward Nevada, causing harm to Nevada consumers and because the underlying debts were issued in Nevada and all the underlying events described herein took place in Nevada.

11. At all times relevant, Defendants conducted business within the State of Nevada on behalf of Nevada State Bank.

## Parties

12. Plaintiff is a natural person who resides in Clark County, Nevada.

13. Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer as that term is defined by 15 U.S.C. § 1692a(3).

14. Defendants are each attorneys who routinely file lawsuits against Nevada consumers on behalf of Nevada State Bank.

15. Defendants are each a "person" who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collect or attempt to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and are therefore debt collectors as that phrase is defined by 15 U.S.C. § 1692a(6).

## Factual Allegations

16. The following is some of the information Plaintiff is currently aware of, and it is expected that after Plaintiff conducts discovery, these allegations will be bolstered and enhanced through said discovery.

17. Plaintiff currently, and at all relevant times, lives and works in Clark County, Nevada.

18. Sometime before April 2017, Plaintiff opened an account with Nevada State Bank, in Nevada. The card displayed "Nevada State Bank."

19. Whether a debt is actually owed by Plaintiff is irrelevant to this FDCPA action.

20. In April 2017, Defendants sued Plaintiff in Utah State Court in Salt Lake City County, Third Judicial District Court, case number 170902572, to collect money from Plaintiff based on the Nevada State Bank account (the "Utah collection lawsuit").

21. Plaintiff has, and had, no connection to Utah whatsoever.

22. Defendants knew that Plaintiff lived in Nevada and listed Plaintiff's address in Las Vegas in the Utah collection lawsuit filings.

23. Plaintiff was never notified about the Utah collection lawsuit and, therefore, did not respond.

24. Plaintiff is not herein challenging the Utah court's jurisdiction or the validity of any judgment of any state court. In this case, Plaintiff specifically does not claim the state court erred and does not seek as her remedy relief from any state court judgment.

25. After Plaintiff did not respond to the Utah collection lawsuit, Defendants obtained a default judgment for the balance requested, interest, and attorney's fees and costs.

26. Plaintiff only learned of the Utah collection lawsuit when Defendants, or their agents, began to garnish Plaintiff's wages in Las Vegas, in or around August 2018.

27. Under 15 U.S.C. §1692i, Defendants may only file a complaint to collect on an alleged debt "in the judicial district . . . (A) in which such consumer signed the contract sued upon; or (B) in which such consumer resides at the commencement of the action."

28. Plaintiff has no connection to Utah and never signed any contact in Utah.

29. Plaintiff did not live in Utah at any time and, at all times, lived and worked in Clark County, Nevada.

30. By filing the Debt Collection Complaint in Utah, and not in Nevada, Defendants violated 15 U.S.C. §1692i.

31. Because of Defendants' actions, Plaintiff was required to incur costs, including attorneys fees and other expenses for, including, but not limited to, challenging the judgment, garnishments, and obtaining documents and information about the Utah lawsuit, that she would not have had to incur had the lawsuit been properly filed in Nevada. Plaintiff further suffered humiliation, stress and anxiety when she learned that a judgment existed against her and her employer learned of the debts Plaintiff allegedly owed.

32. By filing the Utah collection lawsuit in a far away forum, Defendants deceptively and unfairly made it difficult, if not impossible, for Plaintiff and other similar consumers to defend themselves. The purpose in this scheme was to coerce Plaintiff and other consumers into immediately paying the debt once they learned that a judgment existed and that their wages would be garnished, rather than file a lawsuit in Nevada and provide Plaintiff her day in court, as required under the FDCPA.

33. Plaintiff has been required to retain the undersigned as counsel to protect her legal rights and to prosecute this cause of action, and is therefore entitled to actual damages under 15 U.S.C. § 1692k(a)(1), statutory damages up to $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A) and reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendants.

34. Furthermore, after Plaintiff's counsel inquired, Defendants admitted to engaging the above unlawful activity "on a somewhat regular basis." Class adjudication is therefore appropriate.

**Class Action Allegations**

35. Plaintiff brings this action on behalf of herself and on behalf of all others similarly situated ("the Class"), consisting of:

    **Class definition 1:**

    All persons who live in Nevada, and against whom Defendants

filed a lawsuit in Utah to collect debt allegedly owed to Nevada State Bank, or its affiliates, within one year prior to the filing of this Complaint.

**Class definition 2:**

All persons who live in Nevada, and against whom Defendants filed a lawsuit in Utah to collect debt allegedly owed to Nevada State Bank, or its affiliates, and who learned of the lawsuit within one year prior to the filing of this Complaint.

36. Defendants and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believe the Class members number in the hundreds, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

37. This suit seeks only damages for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

38. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the Court. The Class can be identified through Defendants' records or Defendants' agents' or clients' records.

39. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members.

40. Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

41. Plaintiff and the members of the Class have all suffered irreparable harm as a result of Defendants' unlawful and wrongful conduct.

42. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendants will likely continue such illegal conduct. Because of the size of the individual Class members' claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

43. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the FDCPA.

44. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendants to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendants is small because the maximum statutory damages in an individual action for violation of the FDCPA is minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

45. Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final relief with respect to the Class as a whole.

## Causes of Action

### Count I

**Fair Debt Collection Practices Act (FDCPA)**

**15 U.S.C. §§ 1692 et seq.**

46. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

47. The foregoing acts and omissions constitute numerous and multiple violations of the FDCPA, including but not limited to each and every one of the above-cited provisions of the FDCPA, 15 U.S.C. § 1692 et seq.

48. As a result of each and every violation of the FDCPA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1692k(a)(1); statutory damages in pursuant to 15 U.S.C. § 1692k(a)(2)(A); and, reasonable attorney's fees and costs pursuant to 15 U.S.C. § 1692k(a)(3) from Defendant.

## Prayer for Relief

49. WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and that Plaintiff be awarded damages from Defendants, as follows:

- Certify the Class as requested herein;
- Appoint Plaintiff to serve as the Class Representative in this matter;
- Appoint Plaintiff's Counsel as Class Counsel in this matter;
- An award of actual damages pursuant to 15 U.S.C. § 1692k(a)(1);
- An award of statutory damages pursuant to 15 U.S.C. § 1692k(a)(2)(A);
- An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. § 1692k(a)(3); and
- Any other relief the Court may deem just and proper.

## Trial by Jury

50. Pursuant to the seventh amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

DATED this 26th day of March 2019.

        Respectfully submitted,

        **KAZEROUNI LAW GROUP, APC**

        By: /s/ Michael Kind
            Michael Kind, Esq.
            6069 S Fort Apache Road, Suite 100
            Las Vegas, Nevada 89148
            *Attorneys for Plaintiff*